

# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess  Logoff JCDICKINSON

**17SL-AC15804 - TIMOTHY SNOW V FINANCIAL RECOVERY SERVICES, ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**   Sort Date Entries: ● Descending   Display Options: All Entries
Click here to Respond to Selected Documents          ○ Ascending

---

**06/29/2017**  ☐ **Corporation Served**
Document ID - 17-ASOS-839; Served To - LVNV FUNDING, LLC; Server - ; Served Date - 28-JUN-17; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED TO LASHAWN DEVOS OPERATIONAL SPECIALIST

☐ **Notice of Service**
Return of Service Re LVNV Funding.
  **Filed By:** RICHARD ANTHONY VOYTAS Jr.
  **On Behalf Of:** TIMOTHY SNOW

☐ **Corporation Served**
Document ID - 17-ADSM-12451; Served To - FINANCIAL RECOVERY SERVICES, INC; Server - ; Served Date - 28-JUN-17; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED TO BONNIE LOVE SENIOR PROCESS SPECIALIST

☐ **Notice of Service**
Return of Service Re Financial RecoveryServices, Inc.
  **Filed By:** RICHARD ANTHONY VOYTAS Jr.
  **On Behalf Of:** TIMOTHY SNOW

**06/27/2017**  ☐ **Summons Issued-Associate**
Document ID: 17-ASOS-839, for LVNV FUNDING, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Associate**
Document ID: 17-ADSM-12451, for FINANCIAL RECOVERY SERVICES, INC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Hearing Scheduled**
  **Scheduled For:** 08/31/2017; 9:00 AM ; JUDY PREDDY DRAPER; St Louis County

**06/15/2017**  ☐ **Filing Info Sheet eFiling**
  **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Summ Req-Assc Pers Serv**
Request for Appointment of Process Server.
  **Filed By:** RICHARD ANTHONY VOYTAS Jr.
  **On Behalf Of:** TIMOTHY SNOW

☐ **Summ Req-Assc Pers Serv**
Request for Appointment of Process Server.
  **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Pet Filed in Associate Ct**
Petition.

☐ **Judge Assigned**
41H

---

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 17SL-AC15804 |
|---|---|
| Plaintiff/Petitioner:<br>TIMOTHY SNOW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr.<br>12444 POWERSCOURT DRIVE<br>SAINT LOUIS, MO 63131<br>(314) 394-0605 |
| Defendant/Respondent:<br>FINANCIAL RECOVERY SERVICES, INC | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>31-AUG-2017 09:00 AM<br>RM. 287 NORTH, DIV 41H<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to: LVNV FUNDING, LLC
　　　　　　　　　　　Alias:
ILLINOIS CORPORATION SERVICE
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

　　　　You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

　　　　SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

_____06-27-2017_____　　　　　　　　_____
　　　Date　　　　　　　　　　　　　　　　　　　　Clerk

Further Information: 6-28-2017
TB　　　　　　　　　M.L.

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
　　☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
　　☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
　　☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
　　☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____　　　_____
　Printed Name of Sheriff or Server　　　　　Signature of Sheriff or Server

|  | **Subscribed and Sworn to** before me this _____ (date). |
|---|---|
|  | I am: (check one)  ☐ the clerk of the court of which affiant is an officer. |
|  | ☐ the judge of the court of which affiant is an officer. |
| *(Seal)* | ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer) |
|  | ☐ authorized to administer oaths. (use for court-appointed server) |
|  | _____ Signature and Title |

**Summons Fees, if applicable**
Summons      $ _____
Non Est         $ _____
Mileage        $ _____ (_____ miles @ $ . _____ per mile)
**Total**         $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

17SL-AC15804

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| TIMOTHY SNOW ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No |
| v. ) | |
| ) | Division |
| FINANCIAL RECOVERY SERVICES, INC ) | |
| ) | |
| Serve at: ) | |
| C T Corporation System ) | |
| 120 South Central Ave. ) | |
| Clayton, MO 63105 ) | |
| ) | |
| and ) | |
| ) | |
| LVNV FUNDING, LLC ) | |
| ) | |
| Serve at: ) | |
| Illinois Corporation Service Co. ) | |
| 801 Adlai Stevenson Drive ) | |
| Springfield, IL 62703 ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**PETITION**

COMES NOW Plaintiff and states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

Electronically Filed - St Louis County - June 15, 2017 - 11:06 AM

2. This is also an action for abuse of process.

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is also proper in St. Louis County, Missouri for this reason.

## PARTIES

5. Plaintiff is a natural person currently residing in Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from a consumer credit card account that Plaintiff allegedly incurred with One Main Financial.

7. Plaintiff has never owed the debt.

8. At all times relevant, Plaintiff has actively and consistently disputed the debt.

9. Defendant Financial Recovery Services, Inc ("FRS") is a foreign corporation with its principal place of business outside of Missouri.

10. Defendant LVNV Funding LLC ("LVNV") is a foreign limited liability company with its principal place of business outside of Missouri.

11. The principal business purpose of each of FRS and LVNV is the collection of debts in Missouri and nationwide.

12. Furthermore, each of FRS and LVNV regularly attempt to collect debts alleged to

2

be due another.

13. Each of FRS and LVNV is engaged in the collection of debts from consumers using the mail and telephone.

14. Thus, under either of the two definitions of "debt collector" contained in the relevant statute, FRS and LVNV are each a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

15. On or about March 15, 2016, LVNV sued Plaintiff in the City of St. Louis in an effort to collect the alleged debt.

16. Shortly thereafter, Plaintiff retained counsel to defend the case.

17. Plaintiff did not owe the debt- a fact that Plaintiff's attorney communicated to LVNV in writing on more than one occasion beginning in April of 2016.

18. Even by LVNV's own records, the debt was time-barred as of March 15, 2016.

19. Specifically, LVNV's own records show that the debt went into default on March 1, 2011.

20. LVNV falsely claims that Plaintiff made a payment on the debt in 2014. This payment never happened.

21. As such, the debt was time-barred as of the time LVNV filed its suit against Plaintiff on March 15, 2016.

22. On April 19, 2016 Plaintiff's attorney filed an Answer denying that Plaintiff owed the debt and served discovery on LVNV.

3

23. Plaintiff's attorney, via the discovery requests, sought to learn what evidence LVNV had related to the alleged debt.

24. As of at least April 19, 2016, LVNV knew with certainty that Plaintiff had hired counsel on the debt.

25. As it turned out, LVNV sued Plaintiff wholly without any evidence of the subject debt and despite the fact that it was time-barred.

26. Plaintiff spent a significant sum of cash on attorneys' fees defending and defeating LVNV's baseless lawsuit.

27. During the 2016 lawsuit, LVNV served discovery on Plaintiff, and Plaintiff responded to all the discovery requests.

28. On August 12, 2016, LVNV dismissed its suit against Plaintiff because it lacked evidence to prevail in light of the fact that Plaintiff never (1) owed the debt or (2) made the payment that revived the time-barred debt.

29. Plaintiff has continued to be represented by his attorney that defended the lawsuit from the date of the dismissal to present.

30. Neither LVNV nor FRS has ever bothered to check to see if Plaintiff somehow lost his attorney representation.

31. Beginning in April or May of 2017, LVNV resumed its collection efforts against Plaintiff.

32. LVNV, though it knew Plaintiff was represented by counsel with respect to the debt, tasked FRS, an agent of LVNV who at all times relevant acted pursuant to LVNV's explicit

Electronically Filed - St Louis County - June 15, 2017 - 11:06 AM

instructions, with contacting Plaintiff directly in an effort to collect the bogus debt.

33. Beginning in April or May of 2017, FRS, acting on behalf of LVNV, began placing telephone calls to Plaintiff and also sent at least one collection letter directly to Plaintiff on May 8, 2017.

34. FRS and LVNV deliberately bypassed Plaintiff's counsel in order to try and "cut a deal" with Plaintiff on the bogus debt.

35. FRS, in its May 8 letter, offered Plaintiff discounts ranging from 40% to 50% in order to entice Plaintiff into abandoning his counsel.

36. At all times relevant, and specifically as of May 8, 2017, both LVNV and FRS knew explicitly that Plaintiff had retained counsel on the debt, and both LVNV and FRS were provided with and knew the contact information for Plaintiff's counsel.

37. On approximately May 19, 2017, Plaintiff telephoned FRS.

38. Plaintiff told FRS that he hired an attorney to represent him with respect to the subject debt, and explained that he had already litigated the debt and that the case that LVNV brought against him was dismissed.

39. Rather than confirming with Plaintiff that it would no longer contact him directly, FRS still tried to collect the debt from Plaintiff over the phone.

40. FRS told Plaintiff that "They (LVNV) do want it collected on" and instructed Plaintiff to call LVNV directly to discuss the matter.

41. These communications were another attempt to bypass Plaintiff's counsel entirely and collect the debt from Plaintiff.

5

42. These statements were also meant to entice Plaintiff into abandoning his attorney in order to deal with FRS and/or LVNV directly.

43. As a result of FRS's and LVNV's conduct above, Plaintiff felt harassed and frustrated. Plaintiff had paid to hire counsel, and FRS and LVNV were preventing Plaintiff from getting the benefit of that investment because FRS and LVNV refused to stop communicating with Plaintiff once they knew that Plaintiff had retained counsel to advise her on the subject debt.

44. FRS's and LVNV's communications with Plaintiff after FRS and LVNV knew that Plaintiff was represented by counsel damaged Plaintiff.

45. Plaintiff's attorney, and not Plaintiff, should have been the recipient of FRS's and LVNV's debt collection attempts.

46. FRS's and LVNV's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration and worry.

47. Further, FRS's and LVNV's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff was deprived of his statutorily created right to cause debt collection communication to cease upon the provision of his attorney's contact information;

   b. Plaintiff was deprived of truthful information about the debt because FRS and LVNV misrepresented that the debt was valid when they knew, from the failed lawsuit, that the debt was not valid and that the debt was time barred;

6

c. Plaintiff was deprived of truthful information about the debt because FRS and LVNV made it appear that Plaintiff had no right to retain counsel on the debt, and that Plaintiff should be settling the debt directly with FRS and/or LVNV.

48. The injuries in fact are fairly traceable to the challenged actions of FRS and LVNV in that FRS and LVNV made the violative communications directly with Plaintiff in the letter and during the phone call referenced in this suit.

49. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA - BOTH DEFENDANTS

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

51. In its attempts to collect the alleged debt from Plaintiff, FRS and LVNV have committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a. Falsely representing the character, amount, or legal status of the alleged debt, specifically that the debt was not the type for which Plaintiff hire counsel, that the debt was valid and owing, and that the debt was not time-barred. 15 U.S.C. § 1692e.

b. Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to refusing to acknowledge Plaintiff's right to counsel, communicating with Plaintiff in an effort to collect the debt after it knew that Plaintiff was represented by counsel, and trying to collect a debt from Plaintiff that

7

Electronically Filed - St Louis County - June 15, 2017 - 11:06 AM

Defendants knew Plaintiff did not owe. 15 U.S.C. § 1692d-f.

c. Continuing to communicate with Plaintiff in an attempt to collect the debt after Plaintiff provided his attorneys' contact information. 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against FRS and LVNV, jointly and severally, for:

A. Judgment that FRS's and LVNV's conduct violated the FDCPA;

B. Actual damages in an amount to be determined by the jury;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

### COUNT II: ABUSE OF PROCESS - DEFENDANT LVNV

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

54. Defendant LVNV made an illegal, improper and perverted use of process by filing the 2016 lawsuit against Plaintiff knowing that Plaintiff did not owe the debt and knowing that it did not possess sufficient evidence to prevail in the lawsuit.

55. Defendant LVNV had an improper purpose in filing the 2016 lawsuit, namely, to harass and oppress Plaintiff "for the fun of it" and in mean-spirited fashion, and also to bait Plaintiff into "settling" a non-existent debt that LVNV had no right to collect from Plaintiff.

56. Defendant LVNV could not legally file the 2016 lawsuit against Plaintiff because that suit was time barred and because it had no bona-fide reason to believe that Plaintiff owed the subject debt.

8

Electronically Filed - St Louis County - June 15, 2017 - 11:06 AM

57. Defendant LVNV's abusive ends in filing the 2016 lawsuit are not authorized by that process.

58. Defendant LVNV's abuse of process has caused Plaintiff to suffer actual monetary loss, damaged credit, expenditure of attorneys' fees, humiliation, embarrassment and oppression.

59. Defendant LVNV's actions were wanton, willful and made in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant LVNV for:

A. Actual damages in an amount to be determined at trial;

B. Punitive damages in the largest amount allowable by law; and

C. For such other and further relief as the Court deems proper.


Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
_____
Richard A. Voytas, Jr. #52046
Email: rick@rossvoytas.com
Nathan E. Ross
Email:nate@rossvoytas.com
12444 Powerscourt Drive Suite 370
St. Louis, Missouri 63131
Phone: 314-394-0605
Fax: 636-333-1212

Electronically Filed - St Louis County - June 15, 2017 - 11:06 AM

Attorneys for Plaintiff

10